UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

Caribe Trademarks LLC

    Plaintiff,

vs.

STEVINA FOOD COMPANY, LLC.,
SUN STATE FOOD KING, INC., and
JOHN JACKSON,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff Caribe Trademarks LLC ("Plaintiff") sues Stevina Food Company, LLC. ("Stevina"), Sun State Food King, Inc. ("Sun"), and John Jackson ("Jackson")(collectively, "Defendants"), and makes the following allegations:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability organized under the laws of Florida with a principal office located in the city of Miami in Miami-Dade County, Florida.

2. Stevina is a limited liability company organized under the laws of Florida, having a principal office in the city of Tampa in Hillsborough County, Florida.

3. Stevina conducts business in Florida including offering and rendering infringing restaurant services in the city of Tampa in Hillsborough County, Florida.

4. Sun is a corporation formed under the laws of Florida, having a principal office in the city of Wesley Chapel in Pasco County, Florida.

5. Sun conducts business in Florida including offering and rendering infringing restaurant services in the city of Tampa in Hillsborough County, Florida.

6. John Jackson is an individual domiciled in Florida and conducting business in Florida including offering and rendering infringing restaurant services in the city of Tampa in Hillsborough County, Florida.

7. Jackson is the founder and managing member of Stevina.

8. Jackson is a moving, conscious, and active force behind Stevina including actively participating in and directing its infringing activity.

9. Jackson is, or was, the president and director of Sun.

10. Jackson is, or was, a moving, conscious, and active force behind Sun including actively participating in and directing its infringing activity.

11. This is an action for federal trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125(a), and the supplemental state causes of action of Florida common law trademark infringement, Florida common law unfair competition, and violation of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201-501-2101)

12. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and under the doctrine of supplemental jurisdiction over state claims arising from a common nucleus of operative facts.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and §1400(b) because Defendants do business in this District and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### *Plaintiff and its CARIBE RESTAURANT Mark*

14. Plaintiff is the owner of the valid, subsisting, and incontestable mark CARIBE RESTAURANT for café and restaurant services registered on the Principal Register of the United States Patent and Trademark Office as U.S. Registration No. 4703367 ("Plaintiff's Mark"). See Exhibit 1, corresponding to the certificate of registration.

15. Plaintiff was assigned Plaintiff's Mark on May 18, 2020 by previous owner Juan Jose Alvarado.

16. Plaintiff, through its predecessors in interest, opened its first restaurant bearing Plaintiff's Mark in Florida in 1979.

17. Currently, Plaintiff's café and restaurant services are rendered in six different locations operating under Plaintiff's Mark in South Florida.

18. Plaintiff, through its predecessors in interest, has continuously used in commerce in the United States Plaintiff's Mark for café and restaurant services since at least as early as 1979.

19. As a result of its widespread, continuous, and exclusive use of Plaintiff's Mark to identify its café and restaurant services and Plaintiff as the source, Plaintiff owns valid and subsisting federal statutory and common law rights to Plaintiff's Mark.

20. Plaintiff's restaurants bearing Plaintiff's Mark predominantly offer Latin American cuisine consisting primarily of Cuban dishes.

21. Plaintiff's café and restaurant services bearing Plaintiff's Mark are also rendered through delivery services such as Door Dash and Grubhub as well as directly through the ordering portal in its website.

22. Plaintiff's Mark is prominently displayed on the front signs of Plaintiff's restaurants, menus, website, and promotional material.

23. Plaintiff has continuously promoted its café and restaurant services rendered under Plaintiff's Mark through its website (www.caribecaferestaurant.com), social media (@CaribeMiami on Facebook), and through other promotional material. *See* Exhibit 2, corresponding to screenshots of Plaintiff website and social media.

24. Plaintiff promotes and renders its restaurant services using Plaintiff's Mark to Florida residents as well as out-of-state tourists and travelers. *See* Exhibit 3, corresponding to Plaintiff's reviews on Tripadvisor.com.

25. Plaintiff's Mark has acquired distinctiveness when applied to café and restaurant services.

26. Plaintiff has ensured that the café and restaurant services offered under Plaintiff's Mark are rendered to the highest quality standards.

27. Since 1979, Plaintiff and its predecessors have expended substantial time, money, and resources continuously marketing, advertising, and promoting its café and restaurant services bearing Plaintiff's Mark—thus creating valuable goodwill for Plaintiff's Marks.

28. Plaintiff's Mark has become well known in the restaurant industry and with Plaintiff's potential and current customers.

***Defendants' Unlawful Activities***

29. Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in Plaintiff's Mark, Sun adopted and began using the mark CAFÉ CARIBE for café and restaurant services in Florida and in commerce in the United States (the "Infringing Mark").

30. Sun previously operated a restaurant located in Tampa, Florida under the name CAFÉ CARIBE.

31. In 2019, Sun assigned the common law rights to the mark and trade name CAFÉ CARIBE to Stevina.

32. Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in Plaintiff's Mark, Stevina adopted and began using the mark CAFÉ CARIBE for café and restaurant services in Florida and in commerce.

33. Stevina currently operates a restaurant located in Tampa, Florida under the name CAFÉ CARIBE.

34. On May 3, 2019, Stevina filed an application, signed by John Jackson, for registration of the fictitious name CAFE CARIBE with the Florida Department of State. The registration (No. G19000054498) was granted.

35. Jackson instructs employees to offer and render café and restaurant services under the CAFÉ CARIBE mark, was involved in Sun's and Stevina's adoption of the Infringing Mark, and actively participated in Sun's and Stevina's marketing, offering, and rendering of restaurant services under the Infringing Mark.

36. Through online social media and other promotional material, Defendants promote their cafe and restaurant services using the Infringing Mark to current customers as well as potential customers including tourists and visitors

from other states. See Exhibit 4, corresponding to a screenshot of Defendants' Facebook page.

37. The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's Mark sharing CARIBE as the dominant portion of the marks.

38. Plaintiff's Mark and the Infringing Mark are used for identical services: restaurant services that offer mostly Cuban cuisine.

39. Plaintiff's Mark and the Infringing Mark are similarly promoted online through the parties' websites and social media pages.

40. Defendants did not use in commerce the Infringing Mark for café and restaurant services prior to 1979.

41. Plaintiff adopted and used in commerce Plaintiff's Mark for café and restaurant services prior to Defendants' earliest use of the Infringing Mark for café and restaurant services.

42. Plaintiff first learned of Defendants' use of the Infringing Mark for café and restaurant services in 2019.

43. In 2019, Plaintiff sent a cease-and-desist letter to Stevina demanding it cease its infringement of Plaintiff's Mark.

44. Stevina and Jackson refused to cease their use of the mark CAFÉ CARIBE and continue to use the Infringing Mark as of the date of this Complaint.

45. Plaintiff has been, and will continue to be, damaged by the acts of Defendants.

46. Moreover, the goodwill of Plaintiff has been damaged and will continue to be irreparably damaged unless enjoined.

47. There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
*(Against all Defendants)*

48. Plaintiff realleges the allegations set forth in paragraphs 1 through 47 inclusive.

49. The above referenced acts constitute infringement of Plaintiff's Mark in violation of Plaintiff's rights under Section 32 of the Lanham Act (15 U.S.C. § 1114).

50. The use in commerce by Defendants of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' café and restaurant services, and is likely to cause consumers to believe, contrary to fact, that Defendants' café and restaurant services are rendered, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

51. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Plaintiff's Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

52. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

53. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
## COUNTERFEITING UNDER 15 U.S.C. § 1114
*(Against all Defendants)*

54. Plaintiff realleges the allegations set forth in paragraphs 1 through 47 inclusive.

55. The above referenced acts constitute counterfeiting under Section 32 of the Lanham Act (15 U.S.C. § 1114).

56. Defendants have engaged in the advertising, promotion, offering, and rendering of the counterfeit café and restaurant services through operating

9

restaurants bearing the Infringing Mark and promoting said restaurant services online though social media and other outlets.

57. Defendants' unauthorized use in commerce of a spurious designation that is substantially indistinguishable from Plaintiff's Mark, on and in connection with café and restaurant services as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the counterfeit services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are rendered, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

58. Defendants have committed the foregoing acts of counterfeiting and infringement with full knowledge of Plaintiff's prior rights in Plaintiff's Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

59. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

60. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and

costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III
## **VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**
*(Against all Defendants)*

61. Plaintiff realleges the allegations set forth in paragraphs 1 through 47 inclusive.

62. The above referenced acts constitute misrepresentations under Section 43(a) of the Lanham Act 15 U.S.C § 1125(a)(1)(A). Defendants' unauthorized use in commerce of the Infringing Mark, as alleged in this Complaint, constitutes false designation of origin.

63. Defendants' unauthorized use in commerce of the Infringing Mark as alleged in this Complaint is likely to cause confusion as to the origin, source, sponsorship, or affiliation of Defendants' café and restaurant services and is likely to cause consumers to believe, contrary to fact, that Defendants' café and restaurant services are rendered, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

64. Defendants' conduct as alleged in this Complaint is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

65. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

66. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT IV
## COMMON LAW MARK INFRINGEMENT
*(Against all Defendants)*

67. Plaintiffs reallege the allegations set forth in paragraphs 1 through 47, inclusive.

68. Defendants' above referenced conduct constitutes trademark infringement in violation of the common law of the State of Florida.

69. The use and/or advertising of the Infringing Mark by Defendants is likely to cause confusion or mistake among consumers as to the source of Defendants' café and restaurant services with those of Plaintiff.

70. Plaintiff, through its predecessors in interest, has used in commerce and in Florida Plaintiff's Mark for café and restaurant services prior to Defendants' adoption of the Infringing Mark.

71. Defendants' deliberate and willful use and/or advertising of the Infringing Mark to identify the same, or related, services is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendants constitutes common law infringement of Plaintiff's Mark.

72. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT V
## COMMON LAW UNFAIR COMPETITION
*(Against all Defendants)*

73. Plaintiffs reallege the allegations set forth in paragraphs 1 through 47, inclusive.

74. Defendants' above referenced conduct constitutes unfair competition in violation of the common law of the State of Florida.

75. Plaintiff is active in the café and restaurant business and adopted the Plaintiff's Mark prior to Defendants' adoption of the Infringing Mark and has continuously used said mark in Florida and in commerce in the United States.

76. By misappropriating and using the confusingly similar Infringing Mark, Defendants have falsely designated and falsely represented that the services they promote, advertise, offer for sale, and/or render are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff.

77. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

**COUNT VI**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
*(Against all Defendants)*

78. Plaintiffs reallege the allegations set forth in paragraphs 1 through 47, inclusive.

79. This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Sections 501.201-501.2101 of the Florida Statutes.

80. Defendants' conduct as alleged herein occurred in the conduct of trade and/or commerce.

81. Defendants engaged in deceptive and unfair acts by engaging in

trademark infringement by using the confusingly similar trademark CAFÉ CARIBE for identical or highly related services—café and restaurant services—as Plaintiff's Mark.

82. Defendants' infringing activity is likely to mislead consumers acting reasonably in the circumstances to the consumer's detriment. Defendants' conduct has had, and will continue to have, an adverse effect on Plaintiff and on members of the general public. As a direct and proximate result of Defendants' unfair trade practices, members of the general public are likely to mistakenly believe that Defendants' businesses, and the services provided by Defendants, are approved or endorsed by, or otherwise provided by Plaintiff.

83. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, fraudulent, and in bad faith.

84. Plaintiff has been damaged by Defendants' unfair practices because Plaintiff and Defendants are competitors.

85. As a result of Defendants' unlawful conduct, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Mark and has suffered and will continue to suffer irreparable harm. Unless enjoined, Defendants will continue to violate FDUTPA, further injuring Plaintiff and confusing the public. Accordingly, Plaintiff is entitled to entry of injunctive relief.

86. Defendants' acts and practices as alleged herein offend public policy, are and were unethical, oppressive, and unscrupulous, and cause and have caused Plaintiff and consumers substantial and unavoidable injury. As a direct and proximate result of Defendants' unfair, unconscionable, and deceptive acts and practices, Plaintiff has sustained injury and damages.

87. WHEREFORE, Plaintiff requests judgment against Defendants including the entry of a permanent injunction and an award of damages, together with costs of suit, reasonable attorney's fees pursuant to Fla. Stat. §501.2105, punitive damages, and such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated: January 18, 2022                    Respectfully submitted,

  /s/ Christian Sanchelima
Chris Sanchelima, Esq. (Fla. Bar No. 107751)
chris@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

## VERIFICATION

I, Juan Jose Alvarado, declare as follows:

I am a member of Caribe Trademarks LLC and I am authorized to make this verification on its behalf. I have read the foregoing VERIFIED COMPLAINT and I am familiar with its contents. The matters stated therein are true to the best of my knowledge, information, and belief.

Executed on October 1, 2021 at Miami, Florida.

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

Caribe Trademarks LLC

_____
Juan Jose Alvarado
Position: Member